Curia, per O’Njeall, J.
This case has been subjected to a great deal of examination, and the result has been a well settled judgment, on the part of a majority of the court, that the nonsuit must be set aside. The cases to be found in the books of reports have, in general, little application; they are actions for the recovery of freight when the goods had been delivered. The injury done to them in their transportation is said not to be a matter of defence, but of a cross action; as in the case of Shields v. Davis, 6 Taun., 65. The reason of this, in England, is plain. In 1 Tidd’s Practice, 603, it is said, “ The actions in which a set-off is allowable upon these statutes, (2 Geo. II. c. 22, sec. 15; 8 Geo. II. c. 24, sec. 4,) are debt, covenant and assumpsit for the non-payment of money, and the demand intended to he set off must he liquidated, and such as might have been made the subject of one or other of *206 these actions. A set-off, therefore, is never allowed in actions upon the case, trespass or replevin, &c., nor in debt on bond, conditioned for the performance of covenants, &c. nor in covenant or assumpsit for general damages, and a penalty of uncertain damages cannot be made the subject of a set-off.” The damages which goods may have sustained in the possession of a carrier are so uncertain ill amount that they could not, in England, be set off; and hence, to an action for freight, the defendant could generally make no defence, arising therefrom. The only case which I have been able to find, having a direct bearing on this case, is from New-York, Sherman v. Withers, Anthon’s N. P. 166. In that case it was held, “ if a common carrier demand compensation on a quantum meruit, the owner may show in bar of such compensation, that the goods were damaged in the transportation to an amount exceeding that of a fair rate for the safe carriage.”— The reason why that defence is allowed in that case is, because the plaintiff demands compensation by no fixed price agreed upon between him and the defendant, and hence that he cannot recover, where the defendant has received no benefit from the transportation. The direct application of that case to the one in hand, arises out of the change which our discount law has effected in the defence to cases brought for the recovery of freight. By the terms of our act, P. L. 246, “ any accompt, reckoning, demand, cause, matter or thing against the plaintiff,” may be relied upon as a defence by way of discount. Under this act, the damages sustained by goods in their transportation may, in all cases, whether the freight be agreed upon by the parties or not, be set up as a defence to the action by the carrier, for his freight; and if such damages are equal to or exceed the freight, the defendant must recover. In this point of view, the defence becomes essentially a cross action, and is covered by what is said by Ch. J. Gibbes, in the case of Shields v. Davis, in which he ruled that the carrier, although entitled to recover freight when he delivers the goods, is notwithstanding liable to a cross action, for an injury sustained by the goods in their transportation. That which in England required two actions is here attained in one. It is hence that the fact that the goods have been delivered, and that the carrier has *207 earned his freight, cannot preclude the defence in this state. That conceding these facts, still he may not be entitled to recover any thing, if the goods have been injured to the amount of the freight. This change in the law must necessarily be carried into the consideration of the carrier’s right of lien. His lien is nothing more than giving, by his own act, effect to what may be his legal right by action. If his claim to recover could not be gainsayed, then it would follow his lien could not be disputed; but if the owner may show, in avoidance of his claim to recover freight, that the goods were injured in the transportation, it follows that his lien must be defeated in the same way. Where the damages sustained are equal to the freight, there can be no difficulty ; for, the owner contesting the lien must show facts sufficient to defeat it in the opinion of a court and jury, and on the recovery thus had, the whole matter is ended. If the damages be not equal to or more than the freight, then the plaintiff could only recover for such goods, detained by the carrier, as were more than sufficient to pay his freight.
This matter may, however, be further illustrated. A lien always supposes that something is to be paid for and on account of the goods detained. If nothing in point of fact is due, how can it be pretended that there is a lien ? I agree fully with the plaintiff’s counsel in the dictum “ where there is no debt there is no lien.” If it can be shown that the carrier has injured the goods of the plaintiffs, to an amount greater than his whole freight, it cannot be pretended that they owe to him any thing; and hence, the plaintiffs are entitled to maintain this suit.
But let us apply another and a still more simple test. The plaintiff’s action is trover: what is necessary to' maintain it ? Right of property, and of possession, and a conversion by the defendant.
The plaintiff’s right of property and possession is clear, upon the payment of the freight due the carrier. If his claim of freight could be defeated by the injury done to the goods, in an action brought by him to recover it, it cannot be said that freight is, in law, due to him. The plaintiffs, having thus right of property and possession, on the proof of conversion their case was made out, and they were entitled to recover.
*208 These views satisfy me that the nonsuit was improperly ordered ; the lien of the carrier is, according to them, made exactly equal to his remedy by action; and this is as far as any remedy by the act of the party is ever allowed to go. It is his own administration of justice, instead of the more tardy mode of attaining the same end by action.
The motion to set aside the nonsuit is granted.
Gantt, Evans, and Btjtlee, Justices, concurred.